IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANNAMALAI ANNAMALAI,**
*also known as*
**SWAMIJI SRI SELVAM SIDDHAR**
*also known as*
**DR. COMMANDER SELVAM**
**#56820-379,**

Petitioner,

v.                                                                              No. 16-cv-524-DRH

**PAUL M. LAIRD,**
**FEDERAL BUREAU OF PRISONS,**
**and MAUREEN P. BAIRD,**

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court for consideration is a "Bill in Equity: Petition for Specific Performance" ("Petition") (Doc. 1) filed by Petitioner Annamalai Annamalai, a federal inmate who is currently incarcerated in the United States Penitentiary located in Marion, Illinois ("USP-Marion"). On May 6, 2016, he filed the instant Petition in the United States District Court for the District of Kansas. *See Annamalai v. Laird,* Case No. 16-cv-03100-JWL (D. Kan. May 6, 2016). In it, petitioner seeks restoration of lost good conduct credits, reinstatement of telephone and commissary privileges, and $910,000.00 in damages for breach of contract.

The District of Kansas liberally construed the document filed by petitioner

as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 7, p. 1). Because such petitions must be filed in the district where the petitioner is confined, the District of Kansas transferred the case to this federal judicial district. *Id.* (citing *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000)). Consistent with the transfer order, this case was opened as a Petition for Writ of Habeas Corpus Under § 2241, and, for the reasons stated below, remains characterized as such. (Doc. 8). The Petition shall be **DISMISSED**.

## I. Petition

According to the Petition and accompanying exhibits, petitioner was issued a disciplinary ticket for misuse of the telephone at USP-Marion on or around January 1, 2016. (Doc. 1-1, pp. 1-4). He does not dispute this charge. Petitioner instead alleges that he was found guilty of the rule violation following an unfair disciplinary hearing. He was punished with a loss of good conduct credits, phone privileges, and commissary privileges. (*Id.*).

Instead of appealing the decision through normal administrative channels, petitioner prepared a series of documents, which he now contends form a binding agreement with Respondents. He first served them with a document entitled "Notice of Private International Remedy Demand," in which he ordered Respondents to "show cause as to why the petitioner was denied due process" at his disciplinary hearing. (*Id.* at 2). In the document, the petitioner warned Respondents that their failure to respond would give rise to a "consent and agreement" by Respondents to expunge his disciplinary ticket, restore his good

conduct credit, and reinstate his telephone and commissary privileges. Petitioner went on to state that Respondents would be responsible for paying him the sum of $910,000.00, if they did not comply with his order. (*Id.* at 3). When Respondents ignored the "Notice of Private International Remedy Demand," the petitioner served them with a "Notice of Default." Respondents ignored this as well, and petitioner commenced an action in the District of Kansas seeking specific performance.

When preparing the Petition, he did not use a standard habeas or civil rights complaint form. The Petition and all documents filed with it are creatures of the petitioner's own design. After reviewing the Petition, the District of Kansas determined that it qualified as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and transferred the case to this federal judicial district for all further action.

## II.   Discussion

### A.   Jurisdiction

Before addressing the merits of the Petition, the Court must determine whether it has jurisdiction over this matter. In the Petition, Annamalai has identified himself as "petitioner," and he has identified several Federal Bureau of Prisons ("BOP") officials, including his custodian, as "respondents." He seeks restoration of good conduct credits. He paid no filing fee for the action.

His use of the terms "petitioner" and "respondent," the nature of the

challenge, and the remedy sought are consistent with a habeas petition.[1] Section 2241 is the appropriate means by which to challenge the fact or duration of confinement. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Section 2241 is typically used by federal prisoners to challenge the loss of good conduct credits, provided that there is a protected liberty interest in those credits. *See Webb v. Anderson,* 224 F.3d 649, 651-52 (7th Cir.2000). This is because "good time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody." *Waletzki v. Keohane*, 14 F.3d 1079 (7th Cir. 1994) (citing *Preiser*, 411 U.S. at 490)). Further, the petitioner has named the proper respondent in the Petition, *i.e.*, the person who has immediate custody over him. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Under the circumstances, the Court finds that this case is properly characterized as a habeas corpus action brought pursuant to § 2241,[2] and the Court has jurisdiction over this matter.

---

[1] Monetary relief is not available to a petitioner in a habeas action. *See Waletzki v. Keohane*, 13 F.3d 1079, 1081-82 (7th Cir. 1994) ("As a remedy, habeas corpus lacks the flexibility of money damages. . . ."). With that said, the petitioner's request for monetary relief arises from -- and is ancillary to -- his disciplinary hearing challenge.

[2] In characterizing this action as a Section 2241 petition, the Court is cognizant of the potential prejudice to Annamalai that could result from the Anti-Terrorism and Effective Death Penalty Act, which precludes prisoners from filing second or successive Section 2255 habeas motions. *See* 28 U.S.C. § 2255; Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts.

**B.   Merits Review**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the Petition shall undergo preliminary review.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  The instant Petition is subject to dismissal under this standard.[3]

Section 2241 authorizes a district court to grant relief to prisoners who are "in custody in violation of the Constitution of laws or treaties of the United States."  28 U.S.C. § 2241.  Petitioner presents one claim for relief by writ of habeas corpus: a Fifth Amendment claim that his procedural due process rights were violated at a prison disciplinary hearing and his incarceration is now prolonged by the resulting loss of good conduct credits.  To succeed on this claim, petitioner must show that the government failed to provide him with certain minimal procedural safeguards at his prison disciplinary hearing. These procedural safeguards include: "'(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present

---

[3] Had Annamalai's pleading been characterized as a civil case seeking redress from a government entity, officer or employee of such an entity, 28 U.S.C. § 1915A similarly dictates that a preliminary review of the pleading be performed. Dismissal is required under § 1915A, if the pleading is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Regardless of the characterization of this suit, the Petition is frivolous on its face and utterly lacking in legal merit.

documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" *McPherson v. McBride*, 188 F.3d 784, 785-86 (7th Cir. 1999) (quoting *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985)).

The "Bill in Equity: Petition for Specific Performance" identifies no procedural defects in the petitioner's disciplinary hearing. (Doc. 1, pp. 1-4). Petitioner simply demands restoration of his good conduct credits, reinstatement of his phone and commissary privileges, and, of course, $910,000.00 from Respondents. Petitioner produces no documentation from the hearing, such as a copy of his ticket, final hearing summary, or his written appeal of the final decision. Instead, he relies entirely on bald assertions of due process violations in support of his demand for relief.

Upon review of the documents filed with the Petition, the Court does not glean any due process violations that, individually or collectively, support the petitioner's claim. Simply put, petitioner made no effort to explain the basis of his claim, and the Court will not waste its limited time and scarce judicial resources piecing together a claim on his behalf. The instant Petition shall be **DISMISSED**.

### III. Sanctions

Normally, the Court would dismiss a § 2241 petition without prejudice. However, this case is not a typical case. The petitioner is a serial litigator.

Using numerous aliases, he has filed suits against federal and state officials in courts nationwide. He has disregarded an order entered in his criminal case to refrain from filing suits against individuals connected to that case. In 2014, a federal district court described his prior three years of litigation history, as follows:

> In addition to this lawsuit, Annamalai has filed several other lawsuits across the country, bringing similar claims against many of the same defendants named in this case or their relatives. . . . While the Court lacks the time and resources to research each case, a cursory review indicates that in the past three years Annamalai has filed over forty-three lawsuits in state courts in Georgia, Ohio, and Texas and has filed eleven suits in federal courts, including two additional suits in this very district. The majority of these cases were dismissed upon initial screening or on defendants' motion. **Annamalai has been declared a vexatious litigant by the 151st Civil Court, Harris County, Texas, and by the United States District Court for the Northern District of Georgia.**

*Siddhar v. Varadharajan*, No. CIV.A. 4:13-CV-1933, 2013 WL 2815498, at *2 (S.D. Tex. June 20, 2014) (Harmon, J.) (emphasis added). *See also Siddhar v. Prathap*, Case No. 16-cv-00183-DRH-PMF (S.D. Ill. filed Feb. 2016) (Doc. 7, pp. 3-4, at n. 1).

A review of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that petitioner has not slowed down. During the first five months of 2016, he filed twelve new federal suits in Georgia, Texas, Kansas, and Illinois. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). This includes three appeals filed in the Eleventh Circuit. *Id.* Excluding consideration of any additional cases that petitioner has filed since 2014 in state court, the Court finds that he is, indeed, a

vexatious litigator.

The present amorphous pleading is just one example in a disturbing pattern of vexatious cases that the petitioner has filed and evidences his use of a bogus legal instrument, one which this judge has seen attempted by another inmate of the facility where petitioner is housed. The Court will not waste further judicial resources on this matter, in light of the obvious frivolity of the Petition. Dismissal with prejudice is warranted as a sanction. *See El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751, 754 (7th Cir. 2013). However, additional sanctions may also be warranted.

Courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bans. *See Alexander v. United States,* 121 F.3d 312 (7th Cir. 1997), and *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995). Although Annamalai has received multiple warnings about filing frivolous, harassing filings from state and federal courts, he will be afforded notice and an opportunity to show cause why, as a sanction, the Court should not impose a monetary fine of $1,000.00, in addition to the $5.00 filing fee he still owes in this matter, to be paid before any other civil litigation will be accepted for filing in this District; the Clerk of Court would be directed to return all civil filings unfiled until the sanction is paid, and all habeas corpus filings would be summarily dismissed thirty (30) days after filing unless otherwise ordered by the Court. Documents submitted in connection with any appeal would be excluded from the sanction.

## IV. Disposition

**IT IS HEREBY ORDERED** that, for the foregoing reasons, the Petition (Doc. 1) is summarily **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that on or before **July 11, 2016,** petitioner Annamalai shall **SHOW CAUSE** in writing why he should not be sanctioned for filing this frivolous, harassing action. If no response to the show cause order is received, or if the response is deemed insufficient, an order and final judgment will be entered.

Petitioner Annamalai is **ADVISED** that if he wishes to appeal the dismissal and/or any sanction ultimately imposed, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Petitioner is further advised that a motion filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion *may* toll the 30-day appeal deadline, but a motion for relief from a final judgment, order, or proceeding filed later than 28 days after entry of the judgment does not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: June 9, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.06.09 16:35:15 -05'00'

_____
**United States District Judge**